LOUISE B. WEEDEN *vs.* BRADFORD T. BOWEN *et al.*

JUNE 6, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J.   This bill in equity is before this court on the appeal of respondent Bowen—hereinafter referred to as the respondent—from a final decree entered in the Superior Court.   The bill was brought to compel this respondent to reconvey certain real estate to complainant and to account for his dealings therewith.

June 8, 1931, complainant conveyed to respondent by warranty deed several lots of land with a dwelling house thereon, subject to a mortgage for $2,000.   She alleged that the conveyance, although absolute in form, was in reality a mortgage to secure respondent for the payment of money he agreed to advance to pay overdue taxes and for necessary repairs upon the house.

Respondent's answer was to the effect that the property was conveyed for the purpose of development and sale by him and that one-half of the profits from such development and sale were to be paid to complainant.

June 29, 1931, respondent mortgaged for $4,500 the lot on which the house was located and with the proceeds paid the

existing mortgage of $2,000 and overdue taxes. He repaired the dwelling house and also erected a house upon lot No. 32 and sold and conveyed this lot to a Mr. Garner. Respondent alleged that complainant should reimburse him for money expended for repairs upon the house and in the development of the land.

The cause was referred to a master to take an account between the parties and to report the balance found to be due either party. After hearing the parties and their witnesses, the master made his report to the Superior Court. Respondent filed several exceptions to the report. The exceptions were heard and overruled and a final decree was entered confirming the master's report and ordering respondent to reconvey the land—except lot No. 32—to complainant, subject to the mortgage for $4,500, and to pay complainant $1,065.29.

Respondent appealed from this decree and assigns as reasons therefor the overruling of several of his exceptions to the master's report. The first exception urged is that the master charged respondent $100 for loam taken from Weeden avenue. It appears that this avenue is a private, unimproved street. Respondent testified that it was necessary to improve the street by removing the loam and replacing it with gravel; that he gave the loam to a man who removed it at his own expense and that the respondent then graveled the street. The burden of proof was on the complainant to prove the quantity and value of the loam taken and that its removal was unnecessary. She produced no evidence to prove these essential facts. In this state of the proof, it was error to charge respondent for the loam.

The next exception is to charging respondent $1,183.60 for lot No. 32. This is the lot upon which he erected a house and which he conveyed to Mr. Garner. The lot and and house were sold as a unit and a separate value was not placed upon the lot. It fronts on Weeden avenue and contains 5,918 square feet.

Complainant's witness testified that the land was worth twenty-five cents a square foot while respondent's witness testified that it was worth ten cents and the master concluded that it was worth twenty cents a square foot. The testimony of respondent's witness is based upon a larger experience in the sale of real estate in that locality then is the testimony of complainant's witness and appears to be more reasonable and convincing. We are of the opinion that fifteen cents a square foot is a liberal allowance for the land and that respondent should be charged $887.70 for it.

Another exception urged is to the disallowance of several of the items of expense incurred by respondent in repairing the house in which complainant lived and the claim for commissions thereon. We find no error in the disallowance of these items.

The decree directed respondent on or before a certain date to pay complainant the amount urged to be due. The respondent argues that complainant should have no greater relief than a judgment creditor. We find no error in this portion of the decree. While no fraud or breach of trust has been alleged or proved against the respondent yet, as he has received money on a mortgage on property which he is to reconvey to complainant, a time should be fixed in the decree within which he should pay the unexpended balance of this mortgage money.

The decree should be modified by providing that in the deed conveying the land to the complainant it should be stated that she assumes and agrees to pay the mortgage for $4,500, now upon the property, with interest which may accrue thereon.

On June 19, 1934, at 9 o'clock, a. m., the parties may present a form of decree in accordance with this opinion to be entered in the Superior Court.

*Littlefield, Otis & Knowles, James B. Littlefield,* for complainant.

*Russell W. Richmond, A. Truman Patterson,* for respondents.